UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK N.A., | Case No. 2:16-CV-2801 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is Sherman Oaks Estates Owners Association's (the "HOA") motion to dismiss. (ECF No. 16). Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 27), as did plaintiff U.S. Bank N.A. (the "Bank") (ECF No. 30).[1] Thereafter, the HOA filed a reply. (ECF No. 31).

Also before the court is the HOA's motion for a more definite statement. (ECF No. 17). The Bank filed a response (ECF No. 29), and the HOA filed a reply (ECF No. 32).

Also before the court is SFR's motion to certify a question of law. (ECF No. 23). The HOA filed a joinder to this motion. (ECF No. 28). The Bank submitted a response (ECF No. 34), and SFR filed a reply (ECF No. 35).

This action involves the nonjudicial foreclosure sale on the real property located at 4779 Laurel Canyon St., Las Vegas, NV 89129. (ECF No. 1). The Bank asserts a claim for quiet title and declaratory relief as to the HOA and SFR. (*Id.*).

To have standing to bring a claim, a complaint must satisfy three criteria:

---

[1] The Bank appears as the successor trustee to Bank of America, N.A., successor in interest to LaSalle Bank N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-10. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

> (1) a party must have suffered an "injury in fact," which is an actual or imminent invasion of a legally protected, concrete, and particularized interest, (2) "there must be a causal connection between the injury and the conduct complained of," and (3) it must be likely that the injury will be redressable by a favorable decision."

*United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In its complaint, the Bank asserts that it "holds the Note and Deed of Trust" and that "as the current beneficiary under the Deed of Trust, [the Bank]'s interest in the Property retained its first-position status in the chain of title after the Sale because the Sale was improper or unlawful." (ECF No. 1 at 3, 6).

At no point in the complaint does the Bank allege that it held the contested interest prior to the foreclosure sale. Therefore, this court cannot assess whether plaintiff has standing to bring its claim. *See Ditech Financial LLC, v. Saticoy Bay LLC Series 4683 Califa*, No. 2:17-cv-757-JCM-NJK, 2017 WL 2871068, at *2 (D. Nev. July 3, 2017); *see also Kovall*, 857 F.3d at 1065. Indeed, this omission also prevents the court from determining whether plaintiff has a superior claim to title. *See Ditech Financial LLC*, 2017 WL 2871068, at *2; *see also* Nev. Rev. Stat. § 40.010. Thus, the HOA's motion to dismiss will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED, without prejudice.

IT IS FURTHER ORDERED that the HOA's motion for a more definite statement (ECF No. 17) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that SFR's motion to certify a question of law (ECF No. 23) be, and the same hereby is, DENIED as moot.

DATED July 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**