UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

U.S. BANK N.A.,

Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

Defendant(s).

Case No. 2:16-CV-2801 JCM (GWF)

ORDER

Presently before the court is plaintiff U.S Bank National Association's ("U.S. Bank") motion for leave to file an amended complaint. (ECF No. 50). Defendant Sherman Oaks Estates Owners Association ("Sherman Oaks") filed a response (ECF No. 51), to which plaintiff replied (ECF No. 54).

**I.     Facts**

The instant action arises out of a dispute over property located at 4779 Laurel Canyon St., Las Vegas, NV 89129 ("the property). (ECF No. 1).

The following factual allegations derive from plaintiff's complaint. Plaintiff holds a deed of trust that encumbers the property. *Id.* On or about January 22, 2014, Sherman Oaks, through an agent, sold the property pursuant to NRS 116.3116.[1] *Id.* SFR purchased the property at the foreclosure sale.

On December 6, 2016, plaintiff initiated an action against defendants SFR Investments Pool 1, LLC ("SFR") and Sherman Oaks. *Id.* Plaintiff's sole cause of action in its original complaint was for quiet title. *Id.* On January 10, 2017, Sherman Oaks filed a motion to dismiss.

---

[1] Prior to the sale, Sherman Oaks' agent had recorded the notices required by NRS 116.3116.

**James C. Mahan
U.S. District Judge**

(ECF No. 16). On July 14, 2017, the court granted Sherman Oaks' motion and dismissed plaintiff's complaint.[2] (ECF No. 49). On August 21, 2017, plaintiff filed the instant motion for leave to file an amended complaint. (ECF No. 50).

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.*

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

## III. Discussion

In the instant motion, plaintiff asserts that leave to file an amended complaint should be granted so that plaintiff may cure the deficiency articulated in the court's order granting defendant's motion to dismiss. (ECF No. 50). Plaintiff's amended complaint alleges that it held the note and deed of trust encumbering the property at the time of the HOA sale. (ECF No. 50-1). This allegation cures the deficiency in plaintiff's complaint that the court articulated in its order granting Sherman Oaks' motion to dismiss. (*See* ECF No. 50).

Sherman Oaks asserts that the court should nonetheless deny plaintiff's motion to amend as amendment would be futile. (ECF No. 51). Sherman Oaks claims that this court lacks jurisdiction over the action pursuant to NRS 38.310. *Id.* Further, Sherman Oaks claims that

---

[2] Sherman Oaks also filed a motion for a more definite statement (ECF No. 17), and SFR filed a motion to certify a question of law. (ECF No. 23). The court denied both motions as moot upon granting Sherman Oaks' motion to dismiss. (ECF No. 49).

James C. Mahan
U.S. District Judge

- 2 -

plaintiff cannot assert a claim for quiet title against defendant because defendant does not currently hold an interest in the property. *Id.*

Plaintiff filed a reply to plaintiff's response. (ECF No. 54). Plaintiff asserts that, as the Nevada Supreme Court held in *McKnight Family, LLP v. Adept Management*, 310 P.3d 555, 559 (Nev. 2013), NRS 38.310 does not govern quiet title claims. *Id.* Plaintiff further asserts that Sherman Oaks is a necessary party to the action, as plaintiff's quiet title claim rests in part on the alleged invalidity of the foreclosure proceedings. *Id.*

The court will grant plaintiff's motion for leave to file an amended complaint. Plaintiff is correct to assert that NRS 38.310 does not govern quiet title claims, *see McKnight*, 310 P.3d at 559, and that Sherman Oaks' argument regarding failure to mediate is without merit. Further, Sherman Oaks' position regarding whether it can be sued pursuant to NRS 40.010 runs counter to this court's prior holdings on the topic. *See Nationstar Mort., LLC v. Maplewood Springs Homeowners Ass'n*, 238 F. Supp. 3d 1257, 1268–69 (D. Nev. 2017); *see also Bank of N.Y. Mellon v. Desert Shores Community Ass'n*, No. 2:16-cv-01564-JCM-PAL, 2017 WL 3116235, at *3 (D. Nev. July 20, 2017).

As leave to file an amended complaint should be freely granted unless amendment would be futile, the court will allow plaintiff the opportunity to amend its complaint. *Foman*, 371 U.S. at 182.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend (ECF No. 50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file, within fourteen (14) days from the entry of this order, a first amended complaint identical to that attached to its motion to amend (ECF No. 50-1).

DATED September 22, 2017.

_____
UNITED STATES DISTRICT JUDGE