UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK N.A., <br><br> Plaintiff, <br> v. <br> SFR INVESTMENTS POOL 1, LLC, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-02801-JCM-EJY <br><br> ORDER |

Presently before the court is the matter of *U.S. Bank N.A. v. SFR Investments Pool 1, LLC et al.*, case no. 2:16-cv-02801-JCM-EJY.

On December 18, 2018, this court granted the parties' stipulation and dismissed the complaint and counterclaim with prejudice. (ECF No. 88). However, the stipulation "in no way affect[ed] SFR's cross-claim against David L. McCoy and Pamela McCoy (the 'McCoys')." *Id.* at 3. To the contrary, the stipulation—and this court's order—expressly provided that "[t]his case shall remain open until such time as SFR resolves its pending cross-claim against the McCoys." *Id.*

There is nothing pending before the court. Since this court's order over a year ago, SFR has not filed any motions or otherwise acted to prosecute its cross-claim against the McCoys.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although this rule only references dismissal upon defendant's motion, the Supreme Court in *Link v. Wabash R. Co.* held as follows:

> Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

The Supreme Court specifically affirmed "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. Thus, Rule 41(b) authorizes district courts to sua sponte dismiss actions for failure to prosecute or to comply with court orders or the Rules. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002);

This power is also codified in this court's local rules. Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." LR 41-1.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR shall file a dispositive motion or other appropriate filing on or before January 17, 2020.

IT IS FURTHER ORDERED that if SFR fails to prosecute its cross-claim against the McCoys on or before January 17, 2020, the court will dismiss the cross-claim.

DATED THIS 8th day of January 2020.

                                         _____
                                         JAMES C. MAHAN
                                         UNITED STATES DISTRICT JUDGE